# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06CV508-C

| | |
|---|---|
| NATIONAL LEAGUE OF JUNIOR COTILLIONS, INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) **MEMORANDUM AND RECOMMENDATION**<br>) **AND ORDER** |
| CHRISTY D. PORTER, and COLORADO JUNIOR COTILLION, INC., | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER** is before the Court on the Defendants' "Motion and Brief in Support of Partial Dismissal" (document #21) filed March 1, 2007; and the "Plaintiff's ... Opposition ... " (document #22) filed March 19, 2007. On March 22, 2007, the Defendants filed their "Reply ..." (document #23).

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' Motion for Partial Dismissal be denied. Moreover, having concluded that all of the Plaintiff's claims, except its claim for injunctive relief, are subject to a valid arbitration clause, as discussed below, the undersigned will stay those claims and order the parties to submit them to arbitration.

# I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action seeking damages and equitable relief for violations of the Lanham Act, 15 U.S.C.§ 1114 et. seq., the Copyright Act, 17 U.S.C. § 101 et. seq., and state law.

The Plaintiff, National League of Junior Cotillions, Inc., is a North Carolina corporation headquartered in Gaston County, North Carolina, which is in the business of "publishing, selling and marketing ... curriculum which offers specialized instruction in a variety of social skills, etiquette, ethical value, character building techniques and social dance, through ... classes ... offered ... to certain members of the public...." "Complaint" at 3 (document #1). For the purposes of the subject Motion, it is undisputed that the Plaintiff holds valid copyrights and trademarks in and concerning its curriculum and classes. Since 1995, the Plaintiff has licensed franchises which are permitted to offer the curriculum and classes within specific geographic areas.

On April 27, 2000, the Plaintiff entered into a "License Agreement" with Defendant Christy Porter, a Colorado citizen, granting her an exclusive license and franchise to offer the Plaintiff's curriculum and classes in Douglas County, Colorado. Defendant Porter formed the corporate Defendant Colorado Junior Cotillion, Inc., to operate her franchise.

The Plaintiff alleges that the License Agreement contained a provision permitting either party to terminate the Agreement upon proper notice by mail.

Paragraph XIV of the Agreement provides, among other things, that if the Defendants voluntarily terminated the franchise, they would not operate a competing business within 25 miles of Douglas County, Colorado for a period of two years.

The License Agreement also included a detailed arbitration clause, which provided

XXV. <u>DISPUTE RESOLUTION</u>

25.01 Arbitration: SUBJECT TO SECTION 25.02, <u>ALL CONTROVERSIES, DISPUTES OR CLAIMS ARISING BETWEEN THE PARTIES</u> AND THEIR RESPECTIVE OWNERS, OFFICERS, DIRECTORS, AGENTS, EMPLOYEES AND ATTORNEYS ARISING OUT OF OR RELATED TO THEIR RELATIONSHIP OR THIS AGREEMENT SHALL ON DEMAND OF EITHER PARTY BE SUBMITTED FOR ARBITRATION TO THE OFFICES OF THE AMERICAN ARBITRATION ASSOCIATION ("AAA") LOCATED CLOSEST TO LICENSOR'S PRINCIPAL OFFICES AT THE TIME OF SUCH DEMAND. SUCH ARBITRATION PROCEEDING SHALL BE CONDUCTED BY ONE (1) ARBITRATOR IN ACCORDANCE WITH THE THEN CURRENT COMMERCIAL ARBITRATION RULES OF THE AAA. ALL PROCEDURAL MATTERS RELATING TO THE ARBITRATION SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT OF THE UNITED STATES OF AMERICA (9 U.S.C. § 1 ET SEQ.) <u>THE ARBITRATOR SHALL HAVE THE RIGHT, SUBJECT TO ANY LIMITATIONS IMPOSED BY THIS AGREEMENT, TO AWARD ANY RELIEF WHICH HE DEEMS PROPER IN THE CIRCUMSTANCES, INCLUDING WITHOUT LIMITATION, MONEY DAMAGES, (WITH INTEREST ON UNPAID AMOUNTS FROM DATE DUE), SPECIFIC PERFORMANCE, INJUNCTIVE RELIEF, AND LEGAL FEES AND COSTS</u>. THE AWARD AND DECISION OF THE ARBITRATOR SHALL BE CONCLUSIVE AND BINDING UPON ALL PARTIES AND JUDGMENT UPON THE AWARD MAY BE ENTERED IN ANY COURT OF COMPETENT JURISDICTION, AND EACH PARTY WAIVES ANY RIGHT TO CONTEST THE VALIDITY OR ENFORCEABILITY OF SUCH AWARD. THIS PROVISION SHALL CONTINUE IN FULL FORCE AND EFFECT SUBSEQUENT TO AND NOTWITHSTANDING EXPIRATION OR TERMINATION OF THIS AGREEMENT.

25.02 <u>Injunctive Relief</u>: <u>As an alternative or supplement to arbitration as set forth in Section 25.01, Licensor, at its option, may obtain in any court of competent jurisdiction any injunctive relief, including temporary restraining orders and preliminary injunctions, against conduct or threatened conduct for which no adequate remedy at law may be available</u> or which may cause Licensor irreparable harm. Licensor may have such injunctive relief, without bond, but upon due notice, in addition to such further and other relief as may be available at equity or law.

(Capitalization in original, underlining added).

Accepting the allegations of the Complaint as true, on April 22, 2006, Defendant Porter mailed the Plaintiff a notice of the Defendants' voluntary termination of the License Agreement.

The Plaintiff further alleges, however, that the Defendants have continued to operate a competing business in Douglas County, and continue to use, and therefore infringe, the Plaintiff's trademarks and copyrighted materials.

On December 15, 2006, the Plaintiff filed this action, seeking damages for trademark infringement (Count One), copyright infringement (Count Two), trade dress infringement and unfair competition (Count Three), breach of contract (Count Six), conversion (Count Seven), unfair and deceptive trade practices (Count Eight), and fraud (Count Nine).

The Complaint also states three claims for equitable relief: a claim for a writ of seizure of any of the Plaintiff's copyrighted or trademarked materials still in the Defendants' possession (Count Four), a claim for preliminary and permanent injunctions enforcing the noncompete agreement (Count Five), and a claim for a declaratory judgment of the parties' respective rights under the License Agreement (Count Ten).

Finally, in its Complaint, the Plaintiff stated that once its claim for preliminary injunction had been addressed, it intended to move the Court to stay the remainder of its claims and to compel arbitration.[1]

On March 1, 2007, the Defendants filed their Motion for Partial Dismissal, that is, dismissal without prejudice of all of the Plaintiff's claims other than the claim for injunctive relief because the claims to be dismissed were subject to the above quoted arbitration clause.

In short, the parties agree that nine of the Plaintiff's claims are arbitrable, and that the final

---

[1] The undersigned notes that the Plaintiff's claim for injunctive relief is not properly before the District Judge to whom this case is assigned (the Honorable Robert J. Conrad, Jr.) at this stage in the proceedings because the Plaintiff has yet to file a Motion for Preliminary Injunction, Memorandum in Support, and Request for Hearing. See Fed. R. Civ. P. 65(a)(1) and (2) (claim for preliminary injunction is heard either at trial on the merits or upon earlier "application" by the party seeking injunctive relief, and only upon notice to the adverse party); and Local Rule 7.2 (substantive motions must be accompanied by brief).

claim – for injunctive relief – may be addressed by the District Court only after that issue has been properly presented and fully briefed. The Defendants request that in the interim, the Plaintiff's other claims be dismissed subject to either party's right to demand arbitration. In its opposition brief, the Plaintiff asks the Court to grant the relief it had requested in its Complaint, that is, to stay those same claims and to compel arbitration.

The Defendants' Motion has been fully briefed and is, therefore, ripe for determination.

## II. DISCUSSION OF CLAIMS

The Federal Arbitration Act ("FAA") establishes a federal policy favoring the enforcement of written agreements to arbitrate. Specifically, the FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). Indeed, the FAA requires courts to stay the proceeding and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. See 9 U.S.C. § 3 (1999). Accord Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001); Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001); O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-74 (4th Cir. 1997); and Disston Co. v. Sandvik, Inc., 750 F.Supp. 745, 748 (W.D. Va. 1990).

Although it is more common for a party seeking to enforce an arbitration agreement to file a formal motion to compel arbitration, in a case where the only motion before the court was a motion to dismiss, the District Court for the Western District of Virginia compelled arbitration of and stayed all claims subject to the parties' arbitration agreement, other than a single claim for a preliminary injunction. Disston Co., 750 F.Supp. at 749 ("court should issue a preliminary injunction to preserve

5

the status quo, if failing to do so would render the arbitration a 'hollow formality'"), quoting Merrill Lynch, Pierce, Fenner, & Smith v. Bradley, 756 F.2d 1048, 1053 (4th Cir. 1985) (despite agreement that all claims be arbitrated, because arbitration process would not restore parties to status quo ante, court retained jurisdiction of claim for preliminary injunction).

In this case, where the parties expressly agreed that either of them could bring an action for "any injunctive relief," as a narrow exception to otherwise binding arbitration, the Plaintiff's informal request that the Court retain jurisdiction of its claim for injunctive relief and order arbitration of its remaining claims is even more compelling than the requests for similar relief in Disston Co. and Bradley.

Accordingly, the Court will retain jurisdiction of the Plaintiff's claim for injunctive relief (for consideration by Judge Conrad at an appropriate time); will order the parties to arbitrate all other claims; but will exercise its discretion to stay rather than recommend dismissal of those claims at the present time.

### III. ORDER

**IT IS HEREBY ORDERED** that the parties shall submit Counts One through Four and Six through Ten to binding arbitration pursuant to the provisions of the arbitration clause in their License Agreement; and this matter is **STAYED** as to those claims only pending the outcome of the arbitration. Within 30 days of the issuance of an arbitration award or other resolution of that proceeding, the parties' counsel, jointly or severally, shall report the results to the Court.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** and having compelled the parties to arbitrate the

6

Plaintiff's claims which are subject to their agreement to arbitrate, the undersigned respectfully recommends that the Defendants' "Motion ... [for] Partial Dismissal" (document #21) be **DENIED AS MOOT**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 2, 2007

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge